UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA STUKER,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　　Respondent. | CASE NO. 2:24-cv-1772-JNW<br><br>ORDER OF DISMISSAL |

## 1. INTRODUCTION

This matter comes before the Court on Defendant United States Department of Labor's (DOL) motion to dismiss Petitioner Melissa Stuker's case. Dkt. No. 15. Stuker's filings are difficult to follow, but no matter how the Court construes them, Stuker's action cannot proceed—either because the Court lacks jurisdiction or because Stuker fails to state a claim. Thus, the Court GRANTS DOL's motion to dismiss in part, and DISMISSES this case without prejudice and with leave to amend.

## 2. BACKGROUND

On August 18, 2022, Stuker filed a complaint with the DOL's Occupational Safety and Health Administration (OSHA), Case No. 301024234, alleging that the Boeing Company ("Boeing") violated the employee protection provisions of the Sarbanes Oxley Act, 18 U.S.C. § 1514A, 29 C.F.R. Part 1980. *See In the matter of Melissa Stuker v. The Boeing Co.*, No. 2024-SOX-00013, Order Vacating Hearing and Staying Case, available at: https://oalj.dol.gov/DECISIONS/ALJ/SOX/2024/ Stuker_v_THE_BOEING_COMPANY_2024SOX00013_(JUL_22_2024)_1 43759_HRGCL_PD.PDF.[1]

OSHA dismissed Stuker's complaint and she appealed to the Office of Administrative Law Judges, Case No. 2024-SOX-00013. *See id.* In July 2024, Stuker filed a document titled, "Appeal & Objections Federal United States District Court 5th and 9th," which the Administrative Law Judge (ALJ) construed as Stuker "exercising her statutory right to 'bring[] an action at law or equity for de novo review in the appropriate district court of the United States[,]" citing 18 U.S.C. § 1514A(b)(1)(B); 29 C.F.R. § 1980.114. *Id.* The ALJ stayed the appeal and ordered Stuker to file her complaint with this District within 30 days. *Id.*

---

[1] The Court takes judicial notice of *In the matter of Melissa Stuker v. The Boeing Co.*, No. 2024-SOX-00013, Order Vacating Hearing and Staying Case, available at: https://oalj.dol.gov/DECISIONS/ALJ/SOX/2024/Stuker_v_THE_BOEING_COMPAN Y_2024SOX00013_(JUL_22_2024)_143759_HRGCL_PD.PDF. Under Rule 201(b), courts may take judicial notice of a fact that is not subject to reasonable dispute when it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Judicial notice may be taken "of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Instead, Stuker filed several documents with the Ninth Circuit Court of Appeals in September 2024. *Stuker v. United States Dep't of Lab.*, No. 24-5186 (9th Cir. 2024). Around a month later, in October 2024, the Ninth Circuit transferred Stuker's filings to this Court. Dkt. No. 1. Stuker styles her filings as a "motion for injunctive relief from sophisticate[d] parties," "motions for emergency injunctive relief," "motion for appointment of counsel," "motion of continuance and review," and "motion for de novo review." Dkt. Nos. 2, 3, 4, 5, 10, 14. Stuker names DOL as the sole Defendant.

Stuker's filings are difficult to follow, but most important for the Court's analysis here, Stuker states that she is a IAM751 union member and "SOX Whistleblower[.]" Dkt. No. 2 at 2. She fears "being attacked, called names, and . . . [o]uted without [her] [c]onsent[.]" *Id.* Stuker asks that the Court to appoint pro bono counsel, and provide the contact information for the DOL, the Department of Justice, Boeing, and the Fifth Circuit Court of Appeals. Dkt. No. 4 at 1. Stuker does not state any legal claims against DOL.

### 3.   DISCUSSION

#### 3.1   Legal standards.

##### 3.1.1   Rule 12(b)(1).

The Court must dismiss a complaint under Rule 12(b)(1) if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) jurisdictional attack may be facial, in which the defendant asserts the allegations within the complaint are not enough on their face to invoke federal jurisdiction, or factual, in which the

defendant disputes the truth of the factual claims. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In a factual attack, however, "[t]he court need not presume the truthfulness of the plaintiff's allegations," and it may "review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air*, 373 F.3d at 1039.

### 3.1.2    Rule 12(b)(6).

The Court will grant a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard is less than probability, "but it asks for more than a sheer possibility" that a defendant did something wrong. *Id.* (citations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In other words, a plaintiff must have pled "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* When considering a motion to dismiss, the Court accepts factual allegations pled in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). But courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citations omitted). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (internal quotation marks omitted).

Pro se pleadings, such as the complaint here, are to be liberally construed on a motion to dismiss. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (while Twombly-Iqbal imposed a "higher" plausibility standard, they did not alter courts' obligation to construe pro se complaints "liberally when evaluating them under Iqbal").

### 3.1.3    Sarbanes-Oxley § 806, 18 U.S.C. § 1514A.

"Congress enacted the Sarbanes-Oxley Act of 2002, . . . to 'safeguard investors in public companies and restore trust in the financial markets[.]'" *Erhart v. BofI Holding, Inc.*, 612 F. Supp. 3d 1062, 1082 (S.D. Cal. 2020) (quoting *Lawson v. FMR LLC*, 571 U.S. 429, 432 (2014)). Accordingly, Section 806 of Sarbanes-Oxley established whistleblower protections for employees of publicly traded companies who report information they reasonably believe violates certain federal laws relating to fraud enumerated in the statute. 18 U.S.C. § 1514A(a).

"To pursue a Sarbanes-Oxley whistleblower retaliation claim, a plaintiff must first initiate an administrative action by filing a complaint with the Secretary of Labor[,]" specifically, through OSHA. *Erhart*, 612 F. Supp. 3d at 1083 (citing 18 U.S.C. § 1514A(b)(1)(A)); *see also* 29 C.F.R. § 1980.103. OSHA then investigates the complaint and determines whether there is reasonable cause to believe that the accused company retaliated against the employee. 29 C.F.R. § 1980.104. If the employee disagrees with OSHA's determination, they may appeal to an ALJ. 29 C.F.R. § 1980.106(a). From there, if the employee receives an adverse ruling from the ALJ, they may appeal to the DOL's Administrative Review Board, which has discretion to accept or decline review of the case. 29 C.F.R. § 1980.110(a)-(b). After the employee exhausts these administrative avenues, they can seek review by the local court of appeal under the Administrative Procedure Act. 29 C.F.R. § 1980.112(a)-(b).

Alternatively, "if the Secretary [of Labor] has not issued a final decision within 180 days of the filing of a complaint and there is no showing that such delay is due to the bad faith of the claimant," the employee-claimant can abandon the administrative proceeding and bring "an action . . . for de novo review in the appropriate district court of the United States[.]" 18 U.S.C. § 1541A(b)(1)(B). In these cases, the employee must sue their employee. The district court then adjudicates the whistleblower claim rather than the agency.

**3.2     Stuker fails to state a claim against DOL and, if she seeks review of DOL's handling of her administrative case, this Court lacks jurisdiction to consider her petition for review.**

In its motion to dismiss, DOL asks the Court to construe Stuker's filings as either an attempt to seek review of the agency's action or to exercise her statutory right to bring a whistleblower claim in district court under 18 U.S.C. § 1541A(b)(1)(B), either of which—according to DOL—should be dismissed. The Court agrees.

DOL argues that no court has jurisdiction over Stuker's case because she seeks review of a non-final agency action, i.e., the ALJ's order staying the case. This Court need not decide whether DOL's action is final for the purposes of judicial review because, either way, Stuker must file with the Ninth Circuit, not the district court. 29 C.F.R. § 1980.112(a)-(b). Stuker already attempted to do just that, and the Ninth Circuit transferred her case here. Accordingly, a better interpretation of Stuker's filings is that she intends to exercise her right to abandon her administrative case and proceed in this Court.

Stuker fails to name the correct defendant—she sues DOL, but fails to state a claim against DOL or name some other proper defendant. Therefore, the Court must dismiss Stuker's filings for failing to state a claim.

**3.3     Leave to amend is granted.**

Ordinarily, when a court dismisses a pro se plaintiff's complaint for failure to state a claim, it must grant leave to amend even when no request to amend is made. *Yagman v. Garcetti*, 852 F.3d 966, 976 (9th Cir. 2022). But "[a]n action may be

dismissed for lack of subject matter jurisdiction, without leave to amend, when it is clear the jurisdiction deficiency cannot be cured by amendment." *Johnson v. Biden*, No. C21-466 MJP, 2021 WL 1894012, at *1 (W.D. Wash. May 11, 2021) (quoting *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980)). And leave to amend may be denied where amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). The Court concludes that leave to amend to name the proper Defendant is warranted here. Stuker must file an amended complaint by no later than 21 days from the date of this order.

Because it is unclear from Stuker's filings what injunctive relief she seeks from the Court, it denies her motions at Dkt. Nos. 2, 3, 4. Further, because Stuker shows neither that she is financially eligible nor that she is likely to succeed on the merits, the Court denies her requests for pro bono counsel, Dkt. No. 5. *Webb v. NaphCare, Inc.*, No. 3:21-CV-05761-TL, 2022 WL 16744509, at *1 (W.D. Wash. Nov. 7, 2022) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)) ("[In assessing a motion for pro bono counsel], the Court must evaluate . . . the likelihood of success on the merits[.]"); General Order No. 07-23, § 3(b) ("A completed copy of a declaration stating the movant cannot afford to hire an attorney shall be attached to the motion [for pro bono counsel].") Finally, the Court denies Stuker's remaining motions, Dkt. Nos. 10 and 14, as moot.

### 3.4  Stuker's has not paid the filing fee or moved to proceed in forma pauperis.

Stuker has neither paid the filing fee nor moved to proceed in forma pauperis. "A party must pay the Civil Filing Fee when it files . . . any civil action except for

proceedings in forma pauperis under LCR 3(c) or as otherwise exempted by law." LCR 3(b); *see also* 28 U.S.C. § 1914(a). An action may proceed without the immediate payment of a filing fee only for parties proceeding in forma pauperis (IFP). *See* 28 U.S.C. § 1915. Absent IFP status, failure to pay the filing fee results in dismissal without prejudice. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). Accordingly, in addition to naming the correct defendant or stating a claim against DOL, Stuker must pay the filing fee or request for to procced IFP, if she files an amended complaint.

## 4. CONCLUSION

In sum, the Court GRANTS DOL's motion to dismiss in part and DISMISSES this case without prejudice.

- Stuker must file an amended complaint naming the proper defendant, or stating a claim against DOL, and must pay the filing fee or move to proceed in forma pauperis, by no later than 21 days from the date of this Order.
- The Court DENIES Stuker's remaining motions at Dkt. Nos. 2, 3, 4, 5, 10, and 14.

Dated this 3rd day of February, 2025.

Jamal N. Whitehead
United States District Judge

ORDER OF DISMISSAL - 9